UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| HUBERT WAYNE CLAYTON, Individually and as Co-Personal Representative of the Estate of Kimberley Carol Clayton Antonakos, Deceased; Individually and as Personal Representative of the Estate of Milton Constantine Antonakos, III, Deceased; Individually and as Personal Representative of the Estate of Olivia Jane Antonakos, Deceased; and Individually and as Personal Representative of the Estate of Anastacia Clayton Antonakos, Deceased; CRISLER G. JOHNSON, Individually and as Personal Representative of the Estate of Milton c. Antonakos, Jr., Deceased; LAWRENCE F. MCMANUS, JR., Individually and as Special Administrator of the Estate of Christopher Michael McManus, Deceased; LARRY D. KESSLER, Individually and as Personal Representative of the Estate of Stacey Dickert McManus, Deceased; JOHNNIE DICKERT, RACHAEL DICKERT and KATHLEEN M. MCMANUS, Individually and as Co-Personal Representatives of the Estate of Conner Michael McManus, Deceased, and Individually and as Co-Personal Representatives of the Estate of Meghan Alexandra McManus, Deceased | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C/A No.: 6:15-cv-2622-GRA

**ORDER**
(Written Opinion) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BEAR MOUNTAIN LODGE, LLC, an Alaska limited liability company; MERRILL MCGAHAN, Individually, d/b/a Bear Mountain Lodge; LAURI B. JOHNSON, Individually, d/b/a Bear | ) ) ) ) ) | |

Mountain Lodge; TEXAS TURBINE          )
CONVERSIONS, INC., a Texas             )
corporation; HONEYWELL                 )
INTERNATIONAL, INC., a Delaware        )
corporation; RECON AIR                 )
CORPORATION; a foreign corporation;    )
and VIKING AIR LTD., a foreign         )
corporation,                           )
                                       )
                    Defendants.        )
_____ )

This matter comes before the Court on Plaintiffs' Motion for Leave to Conduct Discovery Relevant to Venue and Personal Jurisdiction. ECF No. 16. Plaintiffs filed this motion on September 8, 2015, requesting this Court grant certain specified limited discovery in order to provide Plaintiffs a fair opportunity to respond to Defendants Bear Mountain Lodge, Merrill McGahan, and Lauri Johnson's ("Defendants'")  Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(3). ECF No. 16 at 4–5. Defendants filed a response on September 18, 2015, arguing that Plaintiffs' motion does not offer any substantive or concrete proffer of evidence to support Plaintiffs' claim for jurisdiction and is merely a "fishing expedition." ECF No. 28. Plaintiffs filed a reply on September 28, 2015. ECF No. 33. For the reasons stated below, Plaintiffs' Motion for Leave to Conduct Discovery Relevant to Venue and Personal Jurisdiction is GRANTED.

This Court has broad discretion in resolving discovery problems under the federal rules. *Mylan Labs, Inc. v. Azko, N.V.*, 2 F.3d 56, 56–60 (4th Cir. 1993) (citing *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989)). "When a Plaintiff's claim does not appear to be frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the

court's jurisdiction." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992), *aff'd*, 6 F.3d 177 (4th Cir. 1993). However, once a defendant presents evidence disputing a plaintiff's allegations of jurisdiction, a plaintiff cannot rely on bare allegations to use jurisdictional discovery as a fishing expedition. *Mylan Labs,* 2 F.3d at 64 (*quoting Rich v. KIS California, Inc.*, 121 F.R.D. 254 (1988)).

Here, Plaintiffs contend that their claims of personal jurisdiction over Defendants are well-founded. Plaintiffs allege that Defendants reached into South Carolina to advertise their services, and that Defendants accepted payment, planned itineraries, carried out logistics, and made arrangements over the phone, internet and mails to Greenville, South Carolina for purposes of selling their services to Plaintiffs' decedents.  ECF Nos. 16 at 7 & 33 at 4. Plaintiffs further allege that critical evidence regarding Defendants' contacts with South Carolina is uniquely held in Defendants' possession.  ECF No. 16 at 4.  In support of their arguments, Plaintiffs note that Defendants had no contact with Plaintiffs' decedents in Alaska, and argue that all contact between Defendants and Plaintiffs' decedents must then have occurred in South Carolina.  ECF No. 33 at 5–6.

Having reviewed the above facts and the parties' arguments, this Court declines to categorize Plaintiffs' claims as frivolous or their request for limited discovery as a fishing expedition.  Instead, this Court finds that limited discovery on the subjects of personal jurisdiction and venue is appropriate to aid Plaintiffs in discharging their burden of establishing this Court's jurisdiction over Defendants.  The scope of this discovery request shall be limited to the specified documents and materials set forth in the instant motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Conduct Discovery Relevant to Venue and Jurisdiction is GRANTED.  Plaintiffs shall have ninety (90) days in which to conduct limited discovery and thirty (30) days to respond to Defendants' Motion to Dismiss after completion of discovery.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 13, 2015
Anderson, South Carolina